BROWNSTEIN THOMAS, LLP
Mark C. Thomas (SBN: 215580)
353 Sacramento Street, Suite 1140
San Francisco, CA 94104
415-986-1338
415-986-1231 facsimile

LAW OFFICE OF STEPHEN J. GOROG
Stephen J. Gorog (SBN: 207788)
353 Sacramento Street, Suite 1140
San Francisco, CA 94111
415-986-1338
415-986-1231 facsimile

Attorneys for Plaintiff
James Robert Hilburn

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROBERT HILBURN,<br><br>    Plaintiff,<br><br>vs.<br><br>FORTY NINERS FOOTBALL COMPANY, LLC,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR: (1) VIOLATION OF THE AMERICANS WITH DISABILITIES ACT; (2) VIOLATION OF THE UNRUH ACT; (3) DENIAL OF EQUAL ACCESS; (4) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND (5) FALSE IMPRISONMENT** |

Plaintiff James Robert Hilburn (hereinafter "Hilburn" or "Plaintiff") hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331 and the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. This Court has supplemental jurisdiction over the California state-law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) in that a substantial part of the events or omissions giving rise to this action occurred in the

Northern District of California. Moreover, the Forty Niners Football Company, LLC is licensed to do business and is doing business in California, and may be found in the Northern District of California.

## PARTIES

3. Plaintiff is an individual over the age of eighteen (18) and at all relevant times, was a resident of California. Plaintiff suffers from myoclonic dystonia. He is therefore a "person with a disability" and "physically handicapped person" as defined by the Americans with Disabilities Act ("ADA") and California law.

4. Defendant Forty Niners Football Company, LLC ("49ers" or "Defendant") is a corporation organized under the laws of the state of Delaware. Defendant owns and operates Levi's Stadium, which is a public accommodation as defined by the ADA and California law.

## GENERAL ALLEGATIONS

5. Hilburn suffers from myoclonic dystonia, which causes seizures. He uses a service dog to prevent seizures, alert those around him when he is having a seizure, and to support him physically when he is having a seizure.

6. On or around November 29, 2015, Hilburn attended the 49ers game against the Arizona Cardinals at Levi's Stadium. Hilburn brought his service dog to the game. When Hilburn arrived at the game, he showed Defendant's ticket taker his service dog's documentation. After he showed the documentation certifying his dog as a service dog, Hilburn and his service dog were allowed to enter the stadium.

7. Once inside the stadium, Hilburn was surrounded by Defendant's security guards and police officers who stated Hilburn was not allowed to be inside the stadium with his service dog and demanded that he leave. The event was extremely stressful. Hilburn wanted to leave the stressful environment, but Defendant's security guards and the police would not return his identification.

8. Hilburn was extremely anxious and started to have symptoms of a seizure. His service dog was aware of the impending seizure and began to bark to warn those around Hilburn of the seizure. Hilburn's friend understood the service dog's warning and asked

the security guards and the police to back away from Hilburn. They refused. As a result, Hilburn suffered a seizure and was taken to the hospital.

///

# FIRST CLAIM FOR RELIEF
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### (42 U.S.C. § 12101 *et seq.*)

9. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

10. The purpose of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12102): (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent enforcement standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

11. Pursuant to § 302 of the ADA, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

12. The ADA specifically prohibits the following discriminatory conduct:

(i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages,

or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

13.     Defendant discriminated against Hilburn in violation of the ADA by refusing to allow his service dog to stay in Levi's Stadium and forcing Hilburn to leave because of his service dog. As a direct and proximate cause of the Defendant's discrimination, Plaintiff suffered a seizure, as well as emotional and nervous pain and suffering.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE UNRUH ACT
**(Civil Code Section 51 *et seq.*)**

14.     Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

15. California Civil Code § 51 provides that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.

16. California Civil Code § 51(f) provides that a violation of the Americans with Disabilities Act is also a violation of the Unruh Act.

17. Plaintiff is a disabled person as defined by the Unruh Act.

18. Defendant discriminated against Hilburn in violation of the Civil Code section 51 by failing to allow his service dog at Levi's Stadium and forcing him to leave. As a direct and proximate cause of the Defendant's discrimination, Plaintiff suffered a seizure, as well as emotional and nervous pain and suffering.

19. Pursuant to Civil Code section 52, Plaintiff seeks triple the amount of his actual damages.

20. By illegally discriminating against Plaintiff, Defendant acted with oppression, fraud and malice, in conscious derogation of Plaintiff's rights under applicable law. Plaintiff is entitled to punitive damages in an amount to be determined at trial, which amount would be appropriate to punish or set an example of Defendant.

WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF
### DENIAL OF EQUAL ACCESS
(Civil Code § 54 *et seq.*)

21. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

22. California Civil Code § 54 provides that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.

23. California Civil Code § 54 provides that a violation of the Americans with Disabilities Act is also a violation of the Unruh Act.

24. Plaintiff is a disabled person as defined by the Unruh Act.

25. Defendant denied Hilburn equal access in violation of Civil Code section 54 failing to allow his service dog at Levi's Stadium and forcing him to leave. As a direct and

proximate cause of the Defendant's discrimination, Plaintiff suffered a seizure, as well as emotional and nervous pain and suffering.

26. By illegally denying access to Plaintiff, Defendant acted with oppression, fraud and malice, in conscious derogation of Plaintiff's rights under applicable law. Plaintiff is entitled to punitive damages in an amount to be determined at trial, which amount would be appropriate to punish or set an example of Defendant.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FORTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

28. By refusing to allow Plaintiff's service dog to stay in the stadium, Defendant's conduct was outrageous and in violation of the ADA and other statutes.

29. Defendant intended to cause Plaintiff emotional distress and/or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

30. Plaintiff suffered severe emotional distress.

31. Defendant's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

32. By illegally denying access to Plaintiff, Defendant acted with oppression, fraud and malice, in conscious derogation of Plaintiff's rights under applicable law. Plaintiff is entitled to punitive damages in an amount to be determined at trial, which amount would be appropriate to punish or set an example of Defendant.

WHEREFORE, Plaintiff prays for relief as set forth below.

### FIFTH CLAIM FOR RELIEF

### FALSE IMPRISONMENT

33. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

34. Defendant intentionally deprived Plaintiff of his freedom of movement by use of force, threats of force and/or unreasonable duress.

35. Defendant's restraint/confinement/detention compelled Plaintiff to stay in the stadium.

36. Plaintiff did not voluntarily consent to stay in the stadium.

37. As a result of the false imprisonment, Plaintiff was harmed

38. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

39. By illegally detaining Plaintiff against his will, Defendant acted with oppression, fraud and malice, in conscious derogation of Plaintiff's rights under applicable law. Plaintiff is entitled to punitive damages in an amount to be determined at trial, which amount would be appropriate to punish or set an example of Defendant.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1. For compensatory damages in amounts to be determined at trial;

2. For treble damages allowed pursuant to Civil Code section 52;

3. For punitive damages in amount to be determined at trial;

4. For pre-judgment interest to the extent permitted by law;

5. For an award of attorneys' fees, costs and expenses incurred in the prosecution of this action, pursuant to Code of Civil Procedure § 1021.5, and/or any other applicable provision of law; and

6. For such other and further relief as the Court may deem proper.

BROWNSTEIN THOMAS, LLP

DATED: January 7, 2016

MARK C. THOMAS
Attorneys for Plaintiff
James Robert Hilburn

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues raised in the Complaint.

DATED: January 7, 2016

BROWNSTEIN THOMAS, LLP

MARK C. THOMAS
Attorneys for Plaintiff
James Robert Hilburn